## FROSARD *v.* THE POLICE JURY OF ST. LANDRY.

On an appeal to a District Court, taken by a land holder from the report of a jury of freeholders appointed to lay out a road, assessing damages for the injury sustained by him in consequence of the opening of the road over his land under a resolution of the police-jury of the parish, the president of the police jury, being a mere nominal party, is competent as a witness. Nor can the members of the jury who laid out the road and assessed the damages be excluded, on the ground that, being proprietors of adjoining lands, they were interested in the manner of laying out the road, and, consequently, in the event of the appeal. The objection goes only to their credibility.

APPEAL from the District Court of St. Landry. *Overton*, J. *Swayze* and *Lewis*, for the appellant. *Hallam* and *Martin*, for the defendants. The judgment of the court was pronounced by

KING, J. By a resolution of the police jury of St. Landry, passed in 1846, a jury of freeholders was appointed to retrace and lay out that part of the public road from the bridge over the Coulée Rouge to the bridge over the Coulée de Manne. The plaintiff, over whose land the road passes, appealed from the report and decision of the jury of freeholders to the District Court, complaining that the jury had not awarded to him the damages to which he was entitled; A judgment was rendered against him in the lower court, and he has appealed.

On the trial of the cause the testimony of *Harris* was objected to, on the ground that, as president of the police jury, he was a party to the cause. The

testimony of the freeholders appointed to retrace the road was also objected to, on the ground that they were the proprietors of lands adjoining those of the plaintiff, and as such were interested in the manner of laying out the road, and consequently in the event of the suit. These objections were overruled, and a bill of exceptions taken to the opinion of the judge.

The judge did not, in our opinion, err, in permitting the witnesses to testify. *Harris* was a merely nominal party to the suit, with no further interest in its event than may be felt by any other member of the community. The objection to the commissioners goes to their credibility and not to their competency. They are not shown to have any direct interest in the result of the cause.

On the merits, we think the judgment appealed from is supported by the evidence. The resolution of the police jury directed the *retracing* and laying out of a part of the *public road*, and, as far as relates to the plaintiff, the acts of the commissioners were in strict conformity to the resolution. The evidence shows that the road retraced over the plaintiff's land was originally laid out as a public road in 1824, and has ever since been used as such. Two of the commissioners appointed to lay out the road in 1824, were also appointed and served in the same capacity under the resolution of 1846. From their testimony, as well as from the report of the first commissioners, which is in evidence, it appears that the road as recently retraced, as far as regards the lands of the plaintiff, is identically the same originally laid out. One of those commissioners testifies that the plaintiff was present in 1824, when the road was run across his land, and made no complaint. No change having been made in the part of the road tracing the land of the plaintiff, no ground for a claim of damages exists.

*Judgment affirmed.*